Todd Bofferding, OSB #883720
Attorney at Law
P.O. Box 539
Hood River, Oregon 97031
541.490.9012
tbofferding@gorge.net

Attorney for Defendant Jason Paul Schaefer

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| UNITED STATES OF AMERICA, | ) | 3:17-CR-00400-HZ |
|---|---|---|
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MOTION AND |
| | ) | MEMORANDUM OF LAW TO |
| vs. | ) | DISMISS SUPERSEDING |
| | ) | INDICTMENT'S COUNT 7 |
| JASON PAUL SCHAEFER, | ) | FOR VAGUENESS |
| | ) | |
| Defendant. | ) | (ORAL HEARING REQUESTED) |

COMES NOW Defendant Jason Paul Schaefer, by and through his attorney Todd Bofferding, and moves this Court for an Order Dismissing the Superseding Indictment's Count 7 on the grounds that the statutes underlying that count are impermissibly vague under the Due Process Clause of the Fifth Amend. U.S. Const.

MEMORANDUM OF LAW

I. FACTS

On January 3, 2018 the Government filed this case's Superseding Indictment adding four additional counts. Count 7 charges Defendant with Felon in Possession of

Explosives in violation of 18 U.S.C. 842(i)(1), and 844(a).  Specifically, Defendant is alleged to be a convicted felon who knowingly received and possessed explosives, namely, approximately 100 electric matches which had been shipped and transported in and affecting interstate and foreign commerce.  The Government alleges that the electric matches are ignitors, and therefore are explosives under 18 U.S.C. 842(i) and as defined under 18 U.S.C. 841.

## II. ARGUMENT

18 U.S.C. 842(i) states:

> It shall be unlawful for any person - (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport any **explosive** in or affecting interstate or foreign commerce or to receive or possess any **explosive** which has been shipped or transported in or affecting interstate or foreign commerce.

18 U.S.C. 841 defines "**Explosives**" as follows:

> **Explosives** means any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, initiating explosives, detonators, safety fuses, squibs, detonating cord, igniter cord, and **igniters**.  The Attorney General shall publish and revise at least annually in the Federal Register a list of these and any additional explosives which he determines to be within the coverage of the chapter.

There is no definition, either by statute or by case law, that defines the term "**Igniters**".  Defendant argues that the terms "**Explosive(s)**" and "**Igniters**" are impermissibly vague, provide no notice to the public on what is prohibited, and may be thereby arbitrarily enforced.  Therefore, Count 7 must be dismissed with prejudice.

In *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010)(internal

citations omitted) held that the general test for whether a statute is impermissibly vague under the Due Process Clause of the Fifth Amendment U.S. Const. is:

> A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement. We consider whether a statute is vague as applied to the particular facts at issue, for [a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.

Here, since the terms "**Explosive(s)**" and "**Igniters**" are either vaguely defines, or not defined at all, those terms fail to provide any person of fair notice of what is prohibited, and thereby Count 7 encourages discriminatory and arbitrary enforcement which violates due process, and must be dismissed.

In *Kolender v. Lawson*, 461 U.S. 352, 358-61 (1983) the Court explained the concept of arbitrary enforcement as:

> Although the [void for vagueness] doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine is not actual notice, but the other principal element of the doctrine - the requirement that a legislature establish minimal guidelines to govern law enforcement. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.

Here, the legislature provided less than minimal guidelines for the term "**Explosive(s)**" and no guideline whatsoever for the term "**Igniter**". This then allowed the law enforcement agents and the prosecutor to pursue their personal predilections as to the meanings of both terms, and whether or not what Defendant possessed was in fact unlawful. Therefore, the statutes underlying Count 7, and Count 7 itself, is

impermissibly vague and must now be dismissed.

There is an added requirement of clarity for criminal statutes. *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551, 2556-57 (2015) held the Government violates the Due Process Clause when it takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. Also, *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) explained that when a challenged statute authorizes criminal sanctions the requirement for clarity is enhanced. Here, there is neither clarity in the terms "**Explosive(s)**" nor "**Igniter**". Therefore, these terms are vague, and Count 7 and its statutes are impermissibly vague, requiring Count 7 to be dismissed.

### III. CONCLUSION

Count 7 and its statutes are impermissibly vague, and Due Process is then violated by Defendant's continued prosecution of that count. Count 7 of the Superseding Indictment must now be dismissed.

RESPECTFULLY SUBMITTED this 27th day of October, 2018.

*/s/ Todd Bofferding*_____
Todd Bofferding, OSB #883720
Attorney for Defendant Schaefer
