Todd Bofferding, OSB #883720
Attorney at Law
P.O. Box 539
Hood River, Oregon 97031
541.490.9012
tbofferding@gorge.net

Attorney for Defendant Jason Paul Schaefer


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:17-CR-00400-HZ |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S MOTION AND |
| vs. | ) | MEMORANDUM OF LAW TO |
| | ) | COMPEL DISCOVERY, RULE |
| JASON PAUL SCHAEFER, | ) | 12(b)(4), AND SUMMARIES OF |
| | ) | EXPERT TESTIMONY - |
| Defendant, | ) | ORAL ARGUMENT REQUESTED |

COMES NOW Defendant, Jason Paul Schaefer, by and through his attorney,

Todd Bofferding, and Moves this Court for and Order directing the United States

Attorney to disclose, produce, and make evidence available for examination and copying

by defense counsel or agents there of the items listed below, whether currently in the

possession, custody, control or knowledge of the United States Attorney, and/or any law

enforcement agent, or by which the exercise of due diligence may become known to the

attorneys for the government.

This Motion is made in accordance with F.R.Cr.P. 16, which is "intended to

prescribe the minimum amount of discovery to which the parties are entitled.  It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Armstrong*, 517 U.S. 456, 475 (1996).

This Motion encompasses exculpatory evidence under the principles established in *Brady v. Maryland*, 373 U.S. 83 (1963), whereupon "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

The following are demanded by the defendant and from the government:

1.      All recorded memoranda or reports relating to the circumstances of any seizure or search of the defendant or his property, or any other seizure or search related to this case, listing the items seized and the information obtained as a result of these seizures or searches.  F.R.Cr.P. 16(a)(1), 12(b)(4)(B), 41(h).  This request includes all images captured by traffic cameras within one-half mile of the traffic stop in this case located at or near 185th Avenue and Rock Creek Blvd, on October 11, 2017 between 3:15 p.m. and 4:30 p.m.  Defendant requests this Court order the government to take all necessary steps to secure the preservation of all such images.

2.      The substance of all oral statements made by the defendant to any government agent.  F.R.Cr.P. 16(a)(1)(A).

3.      All written or recorded statements of the defendant, including but not limited to recorded conversations, as well as any transcripts or enhanced audio records, tapes, or files of such conversations.  F.R.Cr.P. 16(a)(1)(B), *United States v. Baileux*, 685 F.2d 1105, 1114 (9th Cir. 1982).

4.      Rough or preliminary notes made by any government agent pertaining to statements subject to requests 2 and 3 above. *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (rough notes of interviews, especially with the accused, are discoverable and must be preserved); *United States v. Layton*, 564 F.Supp. 1391, 1395 (D.Or. 1983)(court possesses discretion under Rule 16 to order disclosure of notes of interview with the defendant); *United States v. Riley*, 189 F.3d 802, 803 (9th Cir. 1999) (error to destroy notes from interview).

5.      A copy of the defendant's record of arrests, criminal history, and/or prior convictions. F.R.Cr.P. 16(a)(1); *United States v. Audelo-Sanchez*, 923 F.2d 129 (9th Cir. 1991).

6.      All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items which are possibly material to the preparation of the defense, or which were obtained from or belong to the defendant. F.R.Cr.P. 16(a)(1)(E).

7.      The results or reports of any physical or mental examination and of any scientific test or experiment which are possibly material to the preparation of the defense, or which the government seeks to introduce in its case in chief against the defendant. F.R.Cr.P. 16(a)(1)(F).

8.      A written summary of the testimony of any expert witness the government intends to use as described in F.R.Cr.P. 16(a)(1)(G). This request includes the disclosure of copies of any written conclusions, findings or reports of said expert witness. *United*

*States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983).

9.     Disclosure of whether any eavesdropping, wiretapping, electronic recording, or audio enhancement devices were untiled in this case.  If any such devices were unitized, disclosure of the date, time, place and circumstances of such use including, but not limited to: copies of all written reports and/or memoranda documenting such use, copies of all authorizations warrants and/or supporting document, minimization logs, and any applications for extensions of any such authority to intercept and record.

10.     Disclosure of copies of all records, tapes, data files, and any accompanying transcripts of the results generated by any electronic surveillance of the type described in paragraph 9 above.

11.     Disclosure of whether any informants were utilized at any stage of the investigation of this case.  As to each informant, their name, contact information, and the substance of the information provided.  This includes the specific individuals employed with the internet marketplace platform eBay.

12.     The disclosure of all records, reports, or memoranda of any law enforcement agency describing, referring, or otherwise referencing any witness and/or informant utilized or conferred to by the government in this case.  This request includes, but is not limited to: records, reports, or memoranda which relate statements made by such witnesses and/or informants; information documenting the motives and reasons for the witnesses' and/or informants' cooperation or assistance with authorities in this case, including whether the informant received any benefit, financial or otherwise, including potential future benefits in exchange for the witnesses' and/or informants' cooperation;

the witnesses' and/or informants' criminal histories and any information bearing on the

witnesses' and/or informants' credibility as a witness herein, and whether or not the

witnesses' and/or informants have cooperated with law enforcement in other

investigations, and if so the circumstances therein. This request contemplates production

of any records, reports, or memoranda presently in the possession, custody or control of

the Untied States Attorney, the existence of which is known, or by the exercise of due

diligence may become known to the government. *Roviaro v. United States*, 353 U.S. 53

(1957).

      13.     Disclosure of reports or memoranda of any agent of the government,

including the prosecutor, pertaining to statements made by prospective government

witnesses in this case. This request encompasses original notes or memoranda, whether

or not subsequently incorporated into later reports. *United States v. Ogbuetti*, 18 F.3d

807, 810 (9th Cir. 1994)(notes taken by prosecutor during witness interview may be

subject to disclosure). This request includes: All reports written by the Environmental

Protection Agency; All correspondence between all members of all governmental law

enforcement agencies to each other and to other agencies regarding any fact of this case,

including but not limited to ATF, the Portland Police Department, the Multnomah and

Washington County Sheriffs' Offices, the Environmental Protection Agency, and the

United States Postal Service.

      14.     Copies of minutes and transcripts of all testimony before any grand juries

which heard evidence in this case. Disclosure of all notes or other writings, documents,

exhibits or tangible things used by prospective witnesses while testifying before the grand

jury. *United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

15.    Disclosure and copies of any and all evidence which potentially is

exculpatory or favorable to the defendant, and/or possibly material to the defense, or to

mitigation of sentence, including but not limited to:

        a.    The results of any tests, experiments, examinations, searches or

        seizures which produce evidence favorable to the defendant or failed to

        produce evidence tending to incriminate the defendant.

        b.    The names of any other persons considered a potential suspect,

        accomplice, or informant assisting in this case, and/or any evidence which

        in any way indicates that the other persons may have committed, or aided

        in the commission of the crimes at issue in this case.

        c.    A statement identifying any evidence in this case which the

        government has intentionally or inadvertently destroyed, or for what-

        ever cause, no longer has within its possession. *Brady v. Maryland*,

        373 U.S. 83 (1963).

        d.    Any evidence, information, testimony, transcripts or other

        records of statements indicating whether any prospective witness on any

        occasion has given false, misleading, or contradictory information

        regarding the charges at issue herein, or any other matter where such

        statements were made to law enforcement or when the individual was a

        prospective witness in court proceedings.

e.    Any evidence, information, testimony, transcripts or statements

indicating that opinion, reputation, or specific acts may demonstrate that

a prospective witness in this case is not a truthful person, has any

particular bias against the defendant, or has any motive to give testimony

herein.

f.    Any evidence, information, testimony, transcripts or statements

indicating that opinion, reputation, or specific acts may demonstrate that

a prospective witness in this case is a threatening, assaultive, or otherwise

physically aggressive person.

g.    Any evidence, information, testimony, transcripts or statements

indicating that opinion, reputation, or specific acts may demonstrate that a

prospective witness in this case may either presently, or at any time

precedent, may be suffering from any mental disease or defect, personality

disorder, substance abuse addiction or chronic substance abuse impacting

the witness' ability to accurately perceive, recall, and relate historical

information perceived or relayed by others to the witness.

16.    Disclosure of all evidence of prior or subsequent bad acts by the defendant

which the government seeks to introduce at trial.  F.R.E. 404(b); *United States v. Baum*,

482 F.2d 1325, 1330-32 (2nd Cir. 1973); *United States v. Cook*, 608 F.2d 1175, 1186 (9th

Cir. 1979).

17.    Examination by the government and Court of the personnel files of all law

enforcement agents who will testify at any proceeding in this matter for evidence that any such agent has ever made a false statement or has a reputation for dishonesty. *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Kiszewski*, 877 F.2d 210, 216 (2nd Cir. 1989)(in camera review of agent's case file regarding bribery allegations); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).  This request includes the following records of the two alleged victim Temporary Federal Officers J.C. and D.D. for their employment records, all disciplinary records, and all records and all other information regarding those officers' applying for, being designated as temporary federal officers including their designation's duration.

18.     Disclosure of the names and contact information for all percipient witnesses interviewed by the government whom the government does not intend to call at trial.  *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

19.     Copies of the arrest and conviction record of each prospective government witness herein.  *United States v. Strifler*, 851 F. 2d 1197, 1202 (9th Cir. 1988).

20.     Disclosure of any evidence that any state or federal criminal case has recently been dismissed against any prospective government witness.  *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

21.     Disclosure of any and all evidence that any prospective government witness has any criminal charge pending against them.  *United States v. Fried*, 486 F.3d 201 (2nd Cir. 1973).

22.     Disclosure of any and all evidence that any prospective government

witness is under investigation by federal or state authorities.  *United States v. Chitty*, 760 F.2d 425, 428 (2nd Cir. 1985).

23.      Disclosure of any and all evidence of any express or implicit deal, understanding, consideration, offer of immunity, special treatment or compensation of any kind between the government and/or any of its agents and any prospective witness herein.  *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Schaffer*, 789 F.2d 682, 689 (9th Cir. 1986); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978).

24.      Disclosure of any and all evidence that a prospective witness has requested any consideration or benefit for that witness' cooperation and/or testimony herein, whether or not the government agreed to such request.  *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989).

25.      Disclosure of any and all evidence of any statements, discussions, or advice made by the government or its agents to any prospective witness herein concerning any plea bargain, or other consideration offered or requested that witness' cooperation and/or testimony herein, whether or not the government agreed to such a request.  *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985).

26.      Disclosure of any and all evidence that any prospective government witness has at any time in the past cooperated with the government in the criminal prosecution of other persons, including but not limited to: all monies, benefits, promises and/or other forms of consideration in exchange for said witness' prior cooperation, the full extent of the witness' assets, and present and past income tax liabilities.  *United*

*States v. Shafer*, 789 F.2d 682, 688-89, and n. 7 (9th Cir. 1988).

27.     Disclosure and copies of all prior statements of any prospective

government witness relevant to that witness' testimony herein or relevant to impeachment

of said witness or testimony.  *United States v. Brummel-Alvarez*, 991 F.2d 1452 (9th Cir.

1992).

28.     Disclosure of any and all evidence that any prospective government

witness has made an inconsistent statement to the government or its agents with respect

to that witness' testimony herein.  *United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992).

29.     Disclosure of any and all evidence that any prospective government

witness has made any statement inconstant with or contradictory to any statement by any

other person pertaining to any subject material to any fact in issue herein.  *United States

v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992); *United States v. Hibler*, 462 F.2d 455, 460

(9th Cir. 1972).

30.     Disclosure of any and all evidence that any prospective government

witness has engaged in criminal activity not resulting in conviction.  *United States v.

Osorio*, 929 F.2d 753, 761 (1st Cir. 1991).

31.     Disclosure of any and all evidence that any prospective government

witness has ever made any false statement to law enforcement authorities.  *United States

v. Bernal-Obeso*, 989 F.2d 331, 337 (9th Cir. 1993).

32.     Disclosure of any and all evidence that any witness has a tendency to lie or

exaggerate.  *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

33.     Disclosure of any and all evidence that any prospective witness consumed

any intoxicating substance prior to witnessing or participating in the events giving rise to that witness' testimony. *United States v. Butler*, 481 F.2d 531, 534-35 (D.C. Cir. 1973).

34.    Disclosure and copies of any and all medical, psychological or psychiatric evidence tending to show that any prospective government witness' ability to perceive, recall or remember, relate or communicate factual evidence is, or may be, impaired. *United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983).

35.    Disclosure of any and all evidence that a prospective government witness is biased or prejudiced against the defendant or any co-defendant, or whether that witness has any motive to testify falsely in any regard. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

36.    Disclosure of any and all evidence that a prospective government witness has taken a polygraph examination and the results thereof. *Carter v. Rafferty*, 826 F.2d 1299, 1305 (3rd Cir. 1987).

37.    Disclosure of the name(s) and contact information of any person(s) who misidentified or was not able to identify the defendant or any co-defendant herein during the investigation of this case. *James v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978).

38.    Access to any physical evidence tending to exculpate the defendant in whole or in part, or tending to mitigate punishment. *Brady v. Maryland*, 373 U.S. 83 (1963).

39.    Disclosure of the commencement and termination dates of any grand jury that returned an Indictment herein. *In re Grand Jury*, 903 F.2d 180 (3rd Cir. 1990).

40.    Disclosure of the number of grand jurors attending each session of any grand jury proceedings herein, and of the number of said grand jurors voting to indict. *United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645, 649 (9th Cir. 1980).

41.    Disclosure of the identity and contact information for every prospective witness the government may reasonably call at trial herein.  *Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982).

42.    Disclosure and copies of any state or federal release, presentence and/or probation reports prepared with respect to any prospective government witness.  *United Staes v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988).

43.    Disclosure and copies of all records of social electronic media data, including Facebook, utilized by any witness, or co-defendants involved in this case and uploaded during a time period of which that witness or co-defendant potential testimony may include, of which is material to the preparation of the defense, or of which the government intends to use in its case-in-chief at trial.  F.R.Cr.P. 16(E).

44.    Disclose all unredacted discovery, including as an example, but not limited to, discovery bates page numbers 1432 to 1435 (suspicious eBay purchases), page number 4544 (Department of Justice letter),and page numbers 4594 to 4595 (Defendant twitter account activity as buying chemicals).

RESPECTFULLY SUBMITTED this 27th day of October, 2018.


  */s/ Todd Bofferding*
Todd Bofferding, OSB #883720
Attorney for Defendant Schaefer