BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**BENJAMIN TOLKOFF, NYSB #4294443**
Benjamin.Tolkoff@usdoj.gov
**NATALIE WIGHT, OSB #035576**
Natalie.Wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00400-HZ |
| v. | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR VIDEO RECORD OF COMPETENCY EVALUATION** |
| **JASON PAUL SCHAEFER,** | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Assistant United States Attorneys Benjamin Tolkoff and Natalie Wight, hereby responds to defendant's motion to video record the competency evaluation [ECF Nos. 125-126]. The government respectfully requests the Court deny defendant's motion because video or audio recording would interfere with the evaluation in a manner that may invalidate the testing procedures.

**Govt. Resp. to Mot. for Video Record of Competency Eval.**                               **Page 1**

## PROCEDURAL BACKROUND

On January 24, 2019, defendant arrived at the Federal Detention Center in SeaTac, Washington, for a mental competency evaluation pursuant to 18 U.S.C. § 4241(b).  On January 31, 2019, defendant filed a motion asking the Court to order the Federal Bureau of Prisons to require the video and audio recording of the competency evaluation.  ECF No. 125.  On February 5, 2019, the Court granted the government's request to confer with the Federal Bureau of Prisons and respond to the motion.  The Court set the response date for February 7, 2019.

## ARGUMENT

The 18 U.S.C. § 4241(b) competency evaluation must be conducted pursuant to the normal standards and procedures followed by the Federal Bureau of Prisons.  The standards and procedures in the field of competency examinations are designed to produce a valid evaluation. The presence of a third party during the examination—be it directly or indirectly through a video camera or videographer—would lend a degree of artificiality to the interview technique which would be inconsistent with applicable professional standards and may invalidate the evaluation. *See* Declaration of Dr. Ryan Nybo, Forensic Unit Psychologist, U.S. DOJ Federal Bureau of Prisons.

Defendant's request is also impractical.  The observation and evaluation of defendant during the competency review is an on-going process.  Nybo Decl. at ¶ 7.  The assigned forensic evaluator relies on a variety of sources of information gathered throughout the evaluation period. *Id*. at ¶ 5.  In addition to clinical interviews, psychological testing, and document review, the evaluator also considers observations by staff during daily interactions with a defendant.  *Id*. ¶¶ 5-7.  It is impracticable to video record all of the interactions that are considered during the

review period. In pretrial forensic evaluations, the supplemental input from staff is important because "examinees, wittingly or unwittingly, behave differently when meeting with a doctor, than when interacting with other health care staff, non-clinical staff, and their peers." Nybo Decl. at ¶ 8. To constrain evaluator interactions to just situations that can be recorded "would artificially limit the sources of information upon which the current evaluation could be based." *Id*.

Moreover, the mere physical presence of a video camera, or defendant's awareness of being recorded, would impact defendant's behavior in an unnatural way. *Id*. at 9. Dr. Nybo relies on research conducted in the scientific community that found video recording increased the chance of error and could invalidate the entire competency evaluation. *Id*. at ¶¶ 9-11.

The government respectfully submits that the presence of a third person, physically or by recording, is an impediment to conducting a valid competency examination. Psychological examinations necessitate an unimpeded, one-on-one exchange between doctor and patient. *Cline v. Firestone*, 118 F.R.D. 588, 589 (S.D. W. Va. 1988)(citations omitted). Allowing a recording device would constitute a distraction during the examination, work to diminish accuracy, and potentially require additional examination time. See, e.g. *Shirsat v. Mutual Pharmaceutical Co*., 169 F.R.D. 68 (E.D. Pa. 1996) (F. R. Civ. P. Rule 35 Psychiatric Examination).[1] Defendant has

---

[1] In an unpublished case out of the District of Arizona, the court denied a defendant's request to have his competency restoration procedures video recorded. *United States v. Loughner*, Case No. 11-cr-00187, Order (D. Ariz., Aug. 4, 2011) aff'd in *United States v. Loughner*, 672 F.3d 731 (9th Cir. 2012) (affirmed as to other issues related to competency determination and commitment). In *Loughner*, the district court permitted the video recording of the original competency evaluation and later found it to be "distracting to defendant" and a "hindrance to the [medical center] staff conducting the examination." Order at 2.

presented no legal authority, and the government is not aware of any authority, that requires the video-taping of a competency evaluation.

The presence of a videographer or recording device could influence defendant, even unconsciously, to exaggerate or diminish his reactions to the examination. Defendant could perceive the video as critical to his case and fail to respond in a forthright manner.

## CONCLUSION

Because video or audio recording would interfere with the competency evaluation in a manner that may invalidate standard testing procedures, defendant's motion should be denied.

Dated: February 7, 2019.  Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Natalie Wight*
NATALIE WIGHT
BENJAMIN TOLKOFF
Assistant United States Attorneys