BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**WILLIAM M. NARUS, CAB #243633**
William.Narus@usdoj.gov
**BENJAMIN TOLKOFF, NYSB #4294443**
Benjamin.Tolkoff@usdoj.gov
**NATALIE WIGHT, OSB #035576**
Natalie.Wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00400-HZ |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| **JASON PAUL SCHAEFER,** | **FOR VIOLATING THE SPEEDY TRIAL ACT [ECF Nos. 146, 147]** |
| **Defendant.** | |

Although the trial has been continued many times, every single day since the initial trial setting is excludable under the Speedy Trial Act. There has been no Speedy Trial Act violation. Defendant's motion to dismiss should be denied.

### BACKGROUND

On October 25, 2017, a grand jury in this District returned an indictment charging defendant with two counts of assault on a federal officer in violation of 18 U.S.C. § 111, and one

count of using an explosive to commit a federal felony in violation of 18 U.S.C. § 844(h)(1). ECF No. 11. Defendant was arraigned on October 27, 2017. ECF No. 16. His arraignment started the speedy trial clock. Trial was scheduled for December 27, 2017, only 60 days after arraignment. *Id*.

On December 13, 2017, defendant moved to continue the trial. ECF No. 17. Filing that motion stopped the speedy trial clock. Only 46 days had passed at that point. The Court granted that motion on December 14, 2017, set a new trial date of January 30, 2018, and found excludable delay between December 27, 2017, and January 30, 2018. ECF No. 19. Twelve more days passed between December 14, 2017, and December 27, 2017, bringing the total number of countable days to 58.

At a status hearing on January 5, 2018, the Court continued the trial until June 18, 2018. The Court found excludable delay until June 18, 2018, based on counsel's need for additional time for effective trial preparation. ECF No. 27.

Counsel moved to withdraw on January 18, 2018. ECF No. 28. That motion was granted on January 22, 2018. ECF No. 31. New counsel was appointed. During a status hearing on February 5, 2018, the Court again continued the trial, this time until September 24, 2018. ECF No. 34. Defendant expressly waived his speedy trial rights. *Id.* The Court found excludable delay from June 18, 2018, through September 24, 2018. *Id.*

On May 29, 2018, replacement counsel moved to withdraw. ECF at 46 and 49. That motion was granted the following day. ECF No. 52. New counsel was appointed, and the trial date was moved *back* one week to September 17, 2018. *Id.*

On June 21, 2018, new counsel moved for a competency examination and hearing. ECF No. 54. The Court scheduled a competency hearing for July 17, 2018. ECF No. 58. At the hearing, the Court reserved ruling on defendant's competency pending the submission of a psychological evaluation. ECF No. 62. The Court also ordered counsel to file a motion to withdraw, as defendant had requested. *Id.* Counsel filed the motion that same day. ECF No. 63. At a hearing on July 19, 2018, the Court found defendant competent, denied the motion to withdraw, and ordered the appointment of "second opinion counsel." ECF No. 65. In addition, the Court continued the trial date at defendant's request to January 14, 2019, and excluded 180 days starting on September 24, 2018, "based upon counsel's need to complete research, investigation[,] and prepare for trial." ECF No. 67. That 180-day period expired on March 23, 2019.

On October 27 and 29, 2018, defendant filed a number of motions to suppress evidence and statements, and to dismiss the indictment. ECF No. 70-80. The Court heard argument on the motions on November 20, 2018. ECF No. 107. The Court permitted one of defendant's two attorneys to withdraw, and gave defendant until November 26, 2018, to file any additional authority, at which time the Court would take the motions under advisement. *Id.*

On December 9, 2018, the government moved for a competency examination and requested an expedited hearing. ECF No. 111. On December 13, 2018, the Court found reasonable cause to believe that defendant may be suffering from a mental disease or defect rendering him incompetent, and ordered him committed for a competency examination. ECF No. 113. The Court struck the January 14, 2019, trial date, and excluded the time between

December 13, 2018, and the date on which Mr. Schaefer's competency could be determined pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (F) and (H).  ECF No. 113.

On December 21, 2018, counsel filed a motion to withdraw.  ECF No. 117.  That night, the federal government shut down and did not reopen until January 25, 2019.

On January 17, 2019, the Court denied defendant's motions to suppress, to dismiss, and for a *Franks* hearing.  ECF 121.  However, the Court did not decide defendant's motion to suppress statements.  Instead, the Court gave the parties an opportunity to present evidence and make any further argument at a hearing to be held during the pretrial conference.  *Id.* at 13.  The pretrial conference is currently scheduled for April 29, 2019.  ECF No. 142.  Thus, the motion to suppress statements is still pending, and has not yet been taken under advisement by the Court.

On January 31, 2019, defendant filed a motion seeking authorization to video record his mental health evaluation.  ECF at 125.  The Court denied that motion on February 12, 2019.  ECF at 132.

The Court held a competency hearing on April 2, 2019.  The Court found defendant competent, and set a trial date of May 6, 2019.  ECF No. 142.  The Court excluded the period between December 9, 2018, and April 2, 2019, under 18 U.S.C. §§ 3161(h)(1)(A), (F), and (H).  *Id.*[1]

---

[1] Not all of that time may properly be excludable under the Speedy Trial Act.  For example, § 3161(h)(1)(F) excludes delay caused by transporting a defendant to or from places of examination or hospitalization, but presumes that delays longer than ten days are unreasonable.  It took longer than ten days to transport defendant to the facility where he underwent the competency evaluation.  However, as discussed below, that entire period is excludable for other reasons.

**Government's Response to Defendant's Motion to Dismiss**                      **Page 4**
**for Violating the Speedy Trial Act**

On April 5, 8, and 11, 2019, defendant filed a host of motions to dismiss, to suppress, to compel discovery, and for a *Franks* hearing. ECF Nos. 145-170. Those motions are all pending. His earlier motion to suppress statements is still pending as well.

## DISCUSSION

The Speedy Trial Act requires that a defendant charged by indictment be brought to trial within seventy days of the later of the filing or making public of the indictment, or the defendant's appearance before the court in which the indictment is pending. 18 U.S.C § 3161(d)(1). The indictment was filed on October 25, 2017; defendant was arraigned on the indictment on October 27, 2017. Under § 3161(d)(1), the 70-day clock began to run on October 27.

The clock stopped on December 13, 2017, when defendant filed his motion to continue the trial date. At that point, 46 days had run. The court granted the motion to continue on December 14, 2017, reset the trial, and excluded delay between the original trial date of December 27, 2017, and the new trial date of January 30, 2018. December 13 and 14, 2017, are excluded under 18 U.S.C. § 3161(h)(1)(D) (excluding delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). December 15-26, 2017, are countable, bringing the total number of non-excluded days to 58. *See* Addendum, attached.

Thereafter, however, *every day* was excluded for one or more reasons:

- December 27, 2017, through January 30, 2018, was excluded under 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), and (B)(iv), because counsel needed additional time for effective trial preparation.

- January 30, 2018, through June 18, 2018, was excluded for the same reason.

- January 18-22, 2018, is excluded because of counsel's motion to withdraw.

- June 18, 2018, through September 24, 2018, was excluded due to the appointment of new counsel, and the need for effective trial preparation. *Defendant expressly waived his speedy trial rights on the record.*

- June 21, 2018, through July 19, 2018, is excluded based on counsel's motion for a competency examination and hearing, under 18 U.S.C. § 3161(h)(1)(A) and (h)(1)(D).

- 180 days, from September 24, 2018, through March 23, 2019, was excluded under §§ 3161(h)(7)(A) and (B)(iv), based on counsel's need to complete research and investigation, and prepare for trial.

- October 27, 2018, through January 17, 2019, is excluded due to the filing and adjudication of defendant's motions to suppress, to dismiss, and for a *Franks* hearing. October 27, 2018, *to the present* is excluded due to defendant's motion to suppress statements, which is still pending.

- December 9, 2018, through April 2, 2019, is excluded based on the government's motion for a competency examination and hearing, the competency examination, and proceedings thereon (although parts of that period may not be excludable under one or more of the subsections cited by the Court, as discussed above).

- December 21, 2018, until April 2, 2019, is excluded based on counsel's motion to withdraw (ECF No. 117).

- January 31, 2019, through February 12, 2019, is excluded based on defendant's motion for authorization to video record the competency evaluation.

- April 5, 2019, to the present is excluded based on the numerous *pro se* motions defendant filed, including the instant motion to dismiss.

- April 10, 2019, to the present is excluded based on counsels' motions to withdraw.

Much of the delay in bringing this case to trial is due to defendant's repeated requests for continuances. All of that delay is excludable. Significant amounts of delay are due to the

various motions defendant and counsel have filed, including one that remains pending from October 2018. However, all of the delay occasioned by the filing of those motions – even the motion that is still pending – is excludable under 18 U.S.C. § 3161(h)(1)(D).

The Supreme Court addressed this exact issue in *Henderson v. United States*, 476 U.S. 321 (1986). There, the Court held that excludable delay under § 3161(h)(1)(D) includes "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" *Id.* at 330.[2] Moreover, it includes "time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." *Id.* at 331. As the Court noted:

> District courts often find it impossible to resolve motions on which hearings have been held until the parties have submitted posthearing briefs or additional factual materials, especially where the motion presents complicated issues. It would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials.

*Id.* Excludable delay triggered by the filing of pretrial motions is automatic – even where those motions neither actually cause, nor are expected to cause, a delay in starting the trial. *United States v. Tinklenberg*, 563 U.S. 647, 131 S.Ct. 2007, 2011 (2011).

This Court needed additional evidence and argument before it could decide defendant's motion to suppress statements. The Court allowed the parties to present that evidence and argument at the pretrial conference (which has yet to occur). The motion to suppress statements

---

[2] *Henderson* interpreted 18 U.S.C. § 3161(h)(1)(F), the text of which now appears in subsection (h)(1)(D).

**Government's Response to Defendant's Motion to Dismiss**          **Page 7**
**for Violating the Speedy Trial Act**

remains pending and has not been taken under advisement, so all of the time since the motion was filed is excludable under § 3161(h)(1)(D). *Henderson*, 476 U.S. at 330-31. Similarly, counsel's motion to withdraw filed December 21, 2018, was only resolved at the competency hearing, on April 2, 2019, once defendant elected to proceed *pro se*. Accordingly, the entire period that motion was pending is excludable as well. *United States v. Culpepper*, 898 F.2d 65, 67 (6th Cir. 1990) (motion by defense counsel to withdraw is excludable delay).

## CONCLUSION

Due to all of the excludable delay in this case, only 58 countable days have passed since defendant's arraignment, and the clock is still stopped. The government has 70 days in which to bring defendant to trial. There has been no Speedy Trial Act violation. Defendant's motion to dismiss should be denied.

Dated: April 16, 2019.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS
Assistant United States Attorney

*/s/ Benjamin Tolkoff*
BENJAMIN TOLKOFF
Assistant United States Attorney

*/s/ Natalie Wight*
NATALIE WIGHT
Assistant United States Attorney

## ADDENDUM

## Timeline of Key Events for Speedy Trial Clock

| ECF No. | DATE | DOCKET | CLOCK |
|---|---|---|---|
| 11 | 10/25/2017 | Indictment | |
| 16 | 10/27/2017 | Arraignment on Indictment--Trial Set for 12/27/2017 | Start |
| 17 | 12/13/2017 | Defendant's Motion to Continue Trial | + 46 days (10/28/17 -12/12/17) |
| 19 | 12/14/2017 | Order Granting Motion--Trial Set for 01/30/2018 Found Excludable Delay from 12/27/2017 (initial trial setting) to 1/30/2018 | + 12 days (12/15/17 -12/26/17) |
| 27 | 01/05/2018 | Court Continued Trial Date to 06/18/2018 Found Excludable Delay until 06/18/2018 | |
| 34 | 02/05/2018 | Court Continued Trial Date to 09/24/2018 Found Excludable Delay 06/18/2018 to 09/24/2018 Defendant Expressly Waived Speedy Trial Rights | |
| 52 | 05/29/2018 | Court Moved Trial Date to 09/17/2018 | |
| 67 | 07/19/2018 | Court Continued Trial Date to 01/14/2019 (at Defendant's Request) Found Excludable Delay for 180 days starting 09/24/18 | |
| 70 - 80 | 10/27/2018 10/29/2018 | Defense Pretrial Motions Filed | |
| 111 | 12/09/2018 | Government Motion for Competency Examination | |
| 113 | 12/13/2018 | Court Ordered Competency Examination Trial Date Struck Found Excludable Delay from 12/13/2018 through date of Competency Determination (see ECF 142). | |
| 117 | 12/21/2018 | Defense Counsel Filed Motion to Withdraw | |
| 121 | 01/17/2019 | Court Order on All Pretrial Motions, Except Motion to Suppress Statements--Pending Pretrial Conf. | |
| 142 | 04/02/2019 | Date of Competency Determination. Trial Date Set for 05/06/2019 Found Excludable Delay 12/09/2018 to 04/02/2019 Motion to Suppress Statements Pending (see ECF 121) | |
| 145 - 170 | 04/05/2019 04/08/2019 04/11/2019 | Defense Pretrial Motions Filed, Pending. Oral Argument Set for 04/24/2019 Pretrial Conference Set for 04/29/2019 | |
| | | **TOTAL DAYS ON SPEEDY TRIAL CLOCK** | **58 days** |