BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**WILLIAM M. NARUS, CAB #243633**
William.Narus@usdoj.gov
**BENJAMIN TOLKOFF, NYSB #4294443**
Benjamin.Tolkoff@usdoj.gov
**NATALIE WIGHT, OSB #035576**
Natalie.Wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00400-HZ |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A *DAUBERT* HEARING [ECF No. 175]** |
| **JASON PAUL SCHAEFER,** | |
| **Defendant.** | |

The government opposes defendant's motion for a *Daubert* hearing to test the "veracity" of the scientific evidence collected by law enforcement. [ECF No. 175 at 1]. Defendant does not challenge the experts' qualifications, the scientific methodologies used, or the relevance of the evidence. Defendant just disagrees with their conclusions, which can be addressed at trial on cross-examination. Because defendant's objections go to the weight of the evidence, and not its admissibility, a *Daubert* hearing is unnecessary and his motion should be denied.

## FACTUAL BACKGROUND

On October 10, 2017, United States Magistrate Judge Stacie F. Beckerman issued a search warrant for defendant's residence. On October 11, 2017, law enforcement executed the search warrant and seized evidence, including: electric match igniters, chemicals, and other materials that could be used to manufacture explosives. Samples of the evidence were sent to the Terrorist Explosive Device Analytical Center (TEDAC) section of the FBI Laboratory for testing, where the evidence and devices were analyzed by FBI Supervisory Special Agent/Chemist Forensic Examiner Jason Miller and FBI Explosives and Hazardous Device Examiner Robert Barbieri. The materials and evidence were also reviewed during the course of the investigation by Explosives Enforcement Specialist Mike O'Lena and Senior Explosives Enforcement Officer Brennan Phillips of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).

Reports and findings by the four experts were provided to defendant in discovery, along with their curricula vitae. Additionally, the government will provide timely and sufficient notice of the expert witnesses expected to testify at trial before the extended deadline of April 26, 2019, as part of the pretrial documents ordered by the Court in paragraph A(1) of its Trial Management Order.[1] [ECF 174].

In his motion, defendant does not object to any specific expert's qualifications, or methodology, or how the expert applied that methodology in this case. Rather, defendant

---

[1] In addition to the four experts involved in the chemical and destructive device testing, the government anticipates calling FBI Special Agent Bomb Technicians Wade Mutchler and Craig Mueller to provide testimony related to their specialized knowledge and training in the area of explosives and the precursor chemicals and materials used in the manufacturing of explosives.

**Government's Response to Defendant's Motion for a *Daubert* Hearing**                                                                     Page 2

appears to requests a *Daubert* hearing for the generic purpose of testing "the veracity of the government's scientific evidence, as it is readily apparent to [defendant] that evidence collected by the government lacks substance." ECF 176 at 2. Defendant also (incorrectly) claims that "every single sample" has been destroyed,[2] and that his "lack of formal training . . . substantiates the need" for a *Daubert* hearing. *Id*.

## DISCUSSION

### I.     Relevant Law

When evaluating the admissibility of expert testimony, the trial court is "a gatekeeper, not a fact finder." *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (quoting *Primiano*, 598 F.3d at 565). Courts have long recognized that in fulfilling its gatekeeping function under Rule 702 and *Daubert*, a district court need not hold a separate hearing. *See, e.g., United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2006); *United States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000). Indeed, a trial judge "has broad discretion in determining the appropriate form of the inquiry" and "broad latitude" in determining whether an expert's testimony is reliable and in deciding how to assess the testimony's reliability. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463-64 (9th Cir. 2014) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153 (1999)).

Because Rule 702 "contemplates a broad conception of expert qualifications," an expert may be qualified based on "knowledge, skill, experience, training, or education." *Thomas v. Newton Int'l Enterprises*, 42 F.3d 1266, 1269 (9th Cir. 1994) (quoting Fed. R. Evid. 702). Once

---

[2] Some physical evidence, including chemical samples seized from defendant, has been viewed and photographed by defendant's investigator.

**Government's Response to Defendant's Motion for a *Daubert*  Page 3
Hearing**

qualified, an expert may testify within his or her area of expertise so long as the expert's testimony is both relevant and reliable. *See Daubert,* 509 U.S. at 594-95.

The Ninth Circuit has articulated a two-pronged analysis for admissibility of a qualified expert's testimony. First, the proffered testimony must be reliable – the expert's testimony reflects scientific knowledge, the findings are derived by the scientific method, and the work product amounts to "good science." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*") (internal citations and quotation marks omitted). Second, the testimony must be relevant, i.e., "it logically advances a material aspect of the proposing party's case." *Id. See also Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (expert testimony is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry" [and] it is reliable if "the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline") (internal quotation marks and footnote omitted). In determining reliability, the district court's focus is on the expert's "principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

Critique of expert conclusions properly takes place at trial on cross-examination and with the testimony of opposing experts, not through pretrial motions. *Primiano,* 598 F.3d at 564 ("Shaky but admissible evidence is to be attacked by cross-examination, contrary evidence, and attention to the burden of proof, not exclusion"). Once an expert establishes admissibility to the judge's satisfaction, "challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge." *Pyramid Technologies, Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014). "A district court should not make credibility determinations that are reserved for the jury." *Id.*

**Government's Response to Defendant's Motion for a *Daubert* Hearing**                                                                                                 **Page 4**

The test under *Daubert* "is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano*, 598 F.3d at 564 (quoting *Daubert II*, 43 F.3d at 1318). This Court is not tasked with deciding whether a particular expert is right or wrong, "just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-a-Car, Inc.,* 738 F.3d at 969-70. When an expert meets the *Daubert* threshold, "the expert may testify and the jury decides how much weight to give that testimony." *Primiano*, 598 F.3d at 565.

The expert's testimony is admissible if it addresses an issue "beyond the common knowledge of the average layperson." *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997). Expert testimony need not address every element of a claim; it need only help the jury understand the evidence or "a fact in issue." Fed. R. Evid. 702(a). Scientific certainty is not a prerequisite to admissibility. *Daubert*, 509 U.S. at 590 (there are "no certainties in science"). Scientific methods that are subject to further testing and refinement may nonetheless "be generally accepted and sufficiently reliable." *City of Pomona*, 750 F.3d at 1044 (quoting *Daubert*). While opinion based on "unsubstantiated and undocumented information" will not suffice, the existence of ongoing research "does not necessarily invalidate the reliability of expert testimony." *Id.* (internal quotation marks and citation omitted). Similarly, disagreement among experts over controlling standards "is not a basis to exclude expert testimony." *Id.* at 1045. "[R]ejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Advisory Committee Notes to the 2000 Amendments.

## II.    Defendant's Challenges Go to Weight of the Evidence, Not Admissibility.

It appears defendant's motion focuses on the correctness of the experts' conclusions, not the soundness of their methodologies. ECF Nos. 175-76. Although he states that the scientific

evidence "lacks substance," he does not allege that the evidence is so lacking in substance that the information would not be helpful to a jury as required by Fed. R. Evid. 702.  To the extent defendant simply disagrees with the experts' findings, his challenge to their conclusions should be properly presented at trial, on cross-examination, and potentially with the testimony of opposing experts, not through pretrial motions.

Expert testimony relating to the testing of chemical compounds and materials seized from defendant's apartment, his storage unit, and at the explosion site will be helpful to the jury.  The jury must decide how much weight to give the experts' testimony.

## CONCLUSION

Because defendant's objections go to the weight of the evidence, not its admissibility, his motion for a *Daubert* hearing should be denied.

Dated:  April 16, 2019.                                Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS
Assistant United States Attorney

*/s/ Benjamin Tolkoff*
BENJAMIN TOLKOFF
Assistant United States Attorney

*/s/ Natalie Wight*
NATALIE WIGHT
Assistant United States Attorney