BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**WILLIAM M. NARUS, CAB #243633**
William.Narus@usdoj.gov
**NATALIE WIGHT, OSB #035576**
Natalie.Wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00400-HZ |
| v. | **GOVERNMENT'S MOTION *IN LIMINE* AND 404(b) NOTICE** |
| **JASON PAUL SCHAEFER,** | |
| **Defendant.** | |

The United States of America files the following motions *in limine*:

**1. References to Potential Punishment**

This Court should preclude defendant from introducing any evidence, making any statement, or asking any questions regarding potential penalties defendant faces if convicted. Information about penalties draws the attention of the jury away from their chief function as the sole judge of the facts, opens the door to compromised verdicts, and confuses the issues to be decided. *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995). The jury may not

consider punishment in deciding whether the United States has proved its case against a defendant beyond a reasonable doubt. *See* 9th Cir. Crim. Jury Instr. § 7.4. Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for defendant. *See* Ninth Cir. Model Jury Inst. 3.1.

### 2. Commentary Regarding Discovery in the Presence of the Jury

The government moves to preclude defendant from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. Such requests in front of the jury are inappropriate and may create the impression that the government has suppressed information as a means of seeking an unfair advantage. These requests, if appropriate, can easily be made to the Court or opposing counsel outside of the presence of the jury with no prejudice resulting for either side. Accordingly, requests for discovery or commenting regarding discovery should be made to the Court outside of the jury's presence.

### 3. Government Investigative Steps or Actions

A defendant may not put the government on trial by arguing that there was something more the government could have done to investigate the case when, as here, the defendant has not made any connection between an allegedly shoddy or slanted investigation and any evidence introduced at trial. *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998). Any evidence elicited to support a broad claim that the government's investigation of the case was inadequate, without this requisite connection, is irrelevant and thus inadmissible because the jury would be called upon to determine whether the government's investigation was good or bad and not whether the defendant is guilty or not guilty. *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994). It is well within a district court's discretion to preclude defendant from questioning

witnesses about investigative steps not taken. *United States v. Zaccaria*, 240 F.3d 75, 81 (1st Cir. 2001). Even if evidence of investigative steps not taken has some minimal probative value, however, the evidence should nonetheless be barred under Rule 403 because of the danger of unfair prejudice and jury confusion. *United States v. Patrick*, 248 F.3d 11, 23 (1st Cir. 2001 ("Such speculative evidence of the inadequacy of the police investigation would have shifted the jury's focus from the accusations against [the defendant] to accusations against the police, thus creating a real danger of unfair prejudice and jury confusion that 'substantially outweighed' the evidence's probative value.").

### 4. The Motivation for Investigating or Prosecuting the Case

Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979). It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g.,* Goulding, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

### 5. The Defendant's Motivation or Good Faith Belief that Producing Ibogaine is Lawful

Defendant has made many references to ibogaine throughout the pretrial proceedings in this case, and he has stated repeatedly that he believes that he has created a cure for opioid addiction, which is presumably tied to manufacturing ibogaine.

On the current charges, however, he has not been charged with manufacturing or possessing ibogaine or any other controlled substance in this case, and the basis for the federal search warrant was not related to drug trafficking. Defendant is charged with being a felon in

possession of explosives, transporting explosives, and charges related to his detonation of TATP. None of the charges relate to ibogaine, and defendant has not explained how his beliefs about ibogaine or attempts to manufacture it constitute a defense to any element of any charge.

In a similar context, the district court Northern District of California precluded testimony from a defendant that he was cultivating marijuana for medical purposes and had a good faith, reasonable believe that he was acting lawfully in doing so. In an unpublished decision, the Ninth Circuit upheld the district court's ruling. *See United States v. Rosenthal*, 334 Fed. Appx 841, 842 (2009). First, the court stated, "[Defendant's] contention that a reasonable, good faith believe that one is acting lawfully negates the mens rea elements of his crimes of conviction is without merit because none of the offenses require knowledge of the law or intent to violate the law to sustain a conviction." *Id.* at 843. Later, the court stated, "We reject [defendant's] argument that the district court erred by excluding evidence that the purpose of the agreement underlying the Oakland conspiracy charge was to provide patients with medical marijuana." *Id*. The Court stated that it was "not relevant to a valid defense or otherwise probative of [defendant's] innocence." *Id.*

Likewise, the government submits that defendant's involvement with ibogaine is not relevant to this trial. Even had defendant created a cure for opioid addiction through manufacturing ibogaine, that discovery would not constitute a defense to the charges at issue in this case or relate to these charges. As a convicted felon, defendant cannot possess explosives whether the explosives are intended to be used to manufacture ibogaine or to construct an improvised explosive device (IED). Since he does not have a license or permit, defendant cannot transport a high explosive, such as TATP, regardless of whether he intended to use the TATP to produce ibogaine or as a weapon when confronted by police. Whether defendant forcibly

assaulted federal officers trying to arrest him has no relation to ibogaine. The risk of allowing defendant to introduce irrelevant testimony or evidence about ibogaine is that the jury may be confused about the issues it is called on to decide.

Dated:   April 26, 2019	Respectfully submitted,

        BILLY J. WILLIAMS
        United States Attorney

        */s/ William M. Narus*
        WILLIAM M. NARUS
        Assistant United States Attorney

        */s/ Natalie Wight*
        NATALIE WIGHT
        Assistant United States Attorney