IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,  No. 3:17-cr-00400-HZ

v.

JASON PAUL SCHAEFER,  OPINION & ORDER

    Defendant.

Natalie K. Wight
William M. Narus
U.S. Attorney's Office
1000 SW Third Ave, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Matthew G. McHenry
Levine & McHenry LLC
1001 SW Fifth Ave, Suite 1414
Portland, OR 97204

    Attorney for Defendant

OPINION & ORDER - 1

HERNÁNDEZ, District Judge:

Before the Court is Defendant Jason Paul Schaefer's motion to dismiss count 8 of the third superseding indictment as unconstitutionally vague. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND[1]

On April 18, 2019, the government filed a third superseding indictment in this case. The indictment contained eight counts, including assault on a federal officer in violation of 18 U.S.C. § 111(a) and (b), use of an explosive to commit a federal felony in violation of 18 U.S.C. § 844(h)(l), and the unlawful transport of explosive materials in violation of 18 U.S.C. §§ 842(a)(3)(A) and 844(a). Relevant to this motion, count 8 charged Mr. Schaefer with being a felon in possession of explosives—specifically, electric matches—in violation of 18 U.S.C. §§ 842(i)(l) and 844(a).

Before trial, Mr. Schaefer moved to dismiss count 8 (then count 7) as unconstitutionally vague. The Court denied the motion without prejudice to refiling, as Mr. Schaefer could only bring as-applied challenge and the facts had not yet been established at trial.

At trial, the government introduced evidence that Mr. Schaefer was a convicted felon, that he had purchased electric matches online, and that these matches had traveled in interstate or foreign commerce. The government also introduced evidence that these electric matches were regulated explosives that Mr. Schaefer was prohibited from possessing.

On May 5, 2019, a jury found Mr. Schaefer guilty on all eight counts.

---

[1] The Court has entered two previous Opinion & Orders in this case. *See United States v. Schaefer*, No. 3:17-cr-00400-HZ, 2019 WL 267711 (Jan. 17, 2019); *United States v. Schaefer*, No. 3:17-cr-00400-HZ, 2019 WL 2006690 (May 7, 2019). These opinions contain more comprehensive background sections, which the Court adopts by reference here.

**DISCUSSION**

"A criminal statute is void for vagueness if it is not sufficiently clear to provide guidance to citizens concerning how they can avoid violating it and to provide authorities with principles governing enforcement." *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) (internal quotation marks omitted). "Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Id.* at 932 (quoting *United States v. Mazurie*, 419 U.S. 544, 550 (1975)); *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) ("Where, as here, a statute is challenged as unconstitutionally vague in a cause of action not involving the First Amendment, we do not consider whether the statute is unconstitutional on its face. Rather, we must determine "whether the statute is impermissibly vague in the circumstances of this case."). "In an as-applied challenge, a statute is unconstitutionally vague if it fails to put a defendant on notice that his conduct was criminal." *Harris*, 705 F.3d at 932 (internal quotation marks omitted). "For statutes involving criminal sanctions the requirement for clarity is enhanced." *Id.* (internal quotation marks omitted).

An as-applied inquiry "turns on whether the statute provided adequate notice to [the individual defendant] that *his particular conduct* was proscribed." *Harris*, 705 F.3d at 932 (emphasis added). In *Harris*, for example, the Ninth Circuit found that a statute that prohibited carrying a "concealed dangerous weapon" on an aircraft was not unconstitutionally vague as applied. *Id.* at 930. There, the defendant, an airport employee, snuck a passenger's pocketknife (with a two-and-a-half inch blade) past a security checkpoint. *Id.* at 930–31. While the defendant challenged the term "dangerous weapon," the court noted that the defendant was an airport employee, he "knew that this particular knife had been turned back by TSA," and that signs throughout the airport expressly prohibited all knives. *Id.* at 932. The court therefore concluded

that "even considering the enhanced requirement of clarity for criminal statutes, . . . the statute gave Defendant adequate notice that his conduct was prohibited." *Id.*

Here, Mr. Schaefer was convicted of possessing an explosive in violation of 18 U.S.C. § 842(i)(l). Under § 842(i)(l):

(i) It shall be unlawful for any person—

(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

to ship or transport any explosive in or affecting interstate or foreign commerce or to receive or possess any explosive which has been shipped or transported in or affecting interstate or foreign commerce.

"Explosive" is defined as:

any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, initiating explosives, detonators, safety fuses, squibs, detonating cord, igniter cord, and *igniters*. The Attorney General shall publish and revise at least annually in the Federal Register a list of these and any additional explosives which he determines to be within the coverage of this chapter.

18 U.S.C. § 841(d) (emphasis added). Igniters, while not defined, were (and are) listed in the Federal Register. 2016 Annual List of Explosive Materials, 81 Fed. Reg. 80684 (Nov. 16, 2016). Electric matches, however, are not. *See id.* Nevertheless, witnesses testified at trial that some electric matches are igniters and therefore regulated explosives.

The Court agrees that Mr. Schaefer did not have notice that his particular conduct was prohibited. First, as laid out above, electric matches are not listed as regulated explosives in the charging statute. *See* § 842(i)(l); § 841(d). Nor are they listed as regulated explosives in the Federal Register, despite § 841(d)'s direction that the "Attorney General shall publish and revise at least annually in the Federal Register a list of these and any additional explosives which he determines to be within the coverage of this chapter." *See* 2016 Annual List of Explosive

Materials, 81 Fed. Reg. 80684 (Nov. 16, 2016). The testifying witnesses did not identify any regulation or statute—or any other published document or policy—that lists electric matches as regulated explosives. Thus, as an initial matter, Mr. Schaefer "could not turn to any statute or regulations, however complicated, to determine that acquiring the [electric matches] would legally be treated as the criminal act of acquiring an [igniter]." *United States v. Jiminez*, 191 F.Supp.3d 1038, 1043 (N.D. Cal. 2016); *see also United States v. Zhi Yong Guo*, 634 F.3d 1119, 1122–23 (9th Cir. 2011) (rejecting vagueness challenge to export violation because export laws, although complex, could be pieced together to determine whether a particular item was regulated).

Not only are electric matches not listed, as a general matter, in any published source, but government witnesses also testified that there are different types of electric matches: some that are regulated and some that are not. *See, e.g.*, Tr. 574.[2] The primary difference between regulated and unregulated electric matches is their chemical composition, which varies between manufacturers. Tr. 671, 688. The only way to determine whether Mr. Schaefer possessed a regulated electric match was to conduct a chemical analysis of that particular match. Tr. 673. The chemical analysis here—conducted by an FBI agent at an FBI laboratory—involved thermal susceptibility testing, FTIR spectroscopy, x-ray diffraction, and a scanning electron microscope. Tr. 610–15.

In recounting this process, the government's own witnesses confirm the difficulty—and lack of clarity—in determining which electric matches are regulated and which are not. Agent Mutchler, the primary case agent, testified that while he knew that electric matches were regulated in certain circumstances, he did not know the difference between regulated and unregulated electric matches until he heard the testimony in this case. *Id.* 1000. Indeed, after

---

[2] Citations to "Tr." refer to the trial transcript.

finding the electric matches in Mr. Schaefer's apartment, he relied on other agencies to determine whether they were regulated. Tr. 153. Specifically, Agent Mutchler contacted Agent Schodowski, a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) agent (and member of the Joint Terrorism Task Force) who specialized in "firearms trafficking, illegal firearms, explosives trafficking, [and] illegal explosives." Tr. 153, 559–60. Agent Schodowski testified that he knew that some electric matches were regulated and some were not, but he did not know initially whether the electric matches found at Mr. Schaefer's apartment were regulated. Tr. 560–61. In attempting to determine whether these electric matches were regulated, Agent Schodowski was referred to Mike O'Lena at the ATF's Explosives Industry Programs Branch. Tr. 560–61. Mike O'Lena opined that the electric matches "were most likely a regulated item," but could not make a final determination without additional information. Tr. 670, 932. That information was provided, in part, by an FBI agent, Jason Miller, who conducted an extensive chemical analysis at an FBI laboratory. Tr. 610–15.[3]

Moreover, the facts do not suggest that Mr. Schaefer himself had notice that the electric matches he possessed were regulated explosives. Mr. Schaefer did not testify at trial. While agents found electric matches laying in black powder and connected to a remote detonator at Mr. Schaefer's apartment, there is no evidence that Mr. Schaefer ever activated an electric match. There is also no evidence that a non-regulated electric match could not have lit the black powder. No evidence suggests that Mr. Schaefer knew—or would have reason to know—the electric match he possessed contained the requisite chemical composition. Even Gov't Ex. 114, which shows that electric matches were listed for sale as "igniters," also shows that these electric

---

[3] Other witnesses also testified that they did not know it was illegal for Mr. Schaefer to possess the electric matches at issue. For example, Mr. Schaefer's probation officer testified that she did not know that electric matches were illegal to possess before she spoke with Agent Mutchler. Tr. 891. Sergeant Steve Collins, a supervisor in the Metropolitan Explosive Disposal Unit, testified that he did not know "the specifics of what is regulated and what is not regulated." Tr. 907.

matches were sold, without restriction or license, on Amazon and eBay. Tr. 178–79, 576–77. Finally—and tellingly—when asked point blank, "if someone is buying electric matches and they want to buy legal, nonregulated electric matches, how are they supposed to know the difference?" Agent Schodowski responded: "I don't know the answer to that question." Tr. 936.

The government's cases are unpersuasive. Only *United States v. Poulos*, 667 F.2d 939 (10th Cir. 1982) reviews an as-applied vagueness challenge. In *Poulos*, the defendant poured gasoline around a room and was charged with attempting to destroy a building by means of an explosive. 667 F.2d at 940. Relevant to the case, 18 U.S.C. 844(j) defined 'explosive' as:

> any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportion, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

*Id.* at 941. The defendant argued, in part, that this section did not inform potential defendants of the criminal nature of their possible behavior. *Id.* The Tenth Circuit did not agree. Rather, it found that:

> This portion of section 844(j) is necessarily broad. It is meant to cover the numerous possible explosives not specifically listed. Any person would conclude that the pouring of gasoline around a room with the intention of igniting it or the fumes with an incendiary device was prohibited by sections 844(i) and (j). It is common knowledge that gasoline is highly combustible and capable of exploding. The government's expert witness testified to the fact that gasoline can be explosive, and it does fit under this statute. It is clear that gasoline, when used in an attempt to destroy or damage property, in these circumstances does come within the definition of explosive in section 844(j).

*Id.* at 942. Thus, the section was not unconstitutionally vague. *Id.*

Not only was Mr. Schaefer charged under a different statutory subsection, but the statute here specifically directs the Attorney General to compile a list of covered explosives. Electric matches are not on that list. Moreover, the fact that some electric matches are unlawful and

others are not—and even the case agents did not know which ones were which—suggests that it is not "common knowledge" that the electric matches here were regulated explosives.

In sum, neither the charging statute nor Federal Register list electric matches as regulated explosives, the only way to determine whether a particular electric match is regulated is to perform an extensive chemical analysis, and no evidence suggests that Mr. Schaefer had notice that the electric matches he possessed were regulated explosives. Given the enhanced requirement for clarity in statutes involving criminal sanctions, the Court finds that the statute here failed to provide Mr. Schaefer with sufficient notice that his conduct was criminal. Under these circumstances, count 8 is dismissed as unconstitutionally vague.

## CONCLUSION

The Court GRANTS Mr. Schaefer's motion to dismiss count 8 [302].

IT IS SO ORDERED.

Dated this ___14___ day of ___Oct___, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge