IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:17-cr-00400-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JASON PAUL SCHAEFER, | |
| Defendant. | |

Billy J. Williams
United States Attorney
Amy E. Potter
Assistant United States Attorney
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

  Attorney for Plaintiff


Susan A. Russell
Assistant Federal Public Defender
Office of the Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

  Attorney for Defendant

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons below, the motion is denied.

## BACKGROUND

On May 15, 2019, a jury convicted Defendant of two counts of Assault on a Federal Officer, Carrying and Using a Destructive Device During and in Relation to a Crime of Violence, Using an Explosive to Commit a Federal Felony, Carrying an Explosive During the Commission of a Federal Felony, Unlawful Transport of Explosive Materials, Possession of an Unregistered Destructive Device, and Felon in Possession of Explosives. Third Superseding Indictment, ECF 208; Jury Verdict, ECF 279. The Court sentenced Defendant to forty years imprisonment with five years of supervised release. J. & Commitment, ECF 342. Defendant is serving his sentence at FCI Sheridan.

On November 11, 2019, Defendant filed a notice of appeal from his sentence and judgment which is pending before the Ninth Circuit. Notice of Appeal, ECF 344. Defendant now asks this Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), the compassionate release section of the First Step Act.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons, as determined by the Director of the BOP, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

**DISCUSSION**

Defendant is a 29-year-old male with persistent nerve pain in his hand. Gov. Resp. 6. He argues that the pandemic and the particular vulnerability of prisoners provide extraordinary and compelling reasons to reduce his sentence and asks the Court to waive the administrative exhaustion requirement. Def. Mot. 10–11. He also argues that the unique health and safety risks posed by COVID-19 to prisoners violate the Eight Amendment of the Constitution. Def. Mot. 2–3. Finally, Defendant asks the Court to consider the fairness of his trial and sentence on this motion. Def. Mot. 13.

The Government opposes Defendant's motion and argues that his pending appeal divests this Court of jurisdiction. The Government notes that Defendant has not satisfied the exhaustion requirement for compassionate release. The Government further argues that Defendant does not qualify for compassionate release because he is not at an increased risk for severe illness from COVID-19 and poses a danger to the community.

**I.     Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted). The Ninth Circuit applies this rule to Rule 35(a) motions. *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993). The same analysis applies to motions made under 18 U.S.C. § 3582(c). *See United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (finding "there is no basis for distinguishing between these two types of modifications for jurisdictional purposes" and holding the district court lacked jurisdiction to reduce the defendant's sentence because the defendant's appeal was pending when the district

court ruled on the defendant's motion under § 3582(c)(2)). This rule also applies in criminal cases. *United States v. Coleman*, 688 F.2d 663, 664 (9th Cir. 1982) (citing *Berman v. United States*, 302 U.S. 211, 214).

In light of Defendant's pending appeal, this Court lacks jurisdiction to decide his motion. Defendant's judgment and sentence are currently on appeal before the Ninth Circuit. Defendant now asks this Court to consider a reduction of his sentence under § 3582(c). Both these actions involve Defendant's sentence. Thus, once Defendant filed his Notice of Appeal with the Ninth Circuit this Court lost jurisdiction to grant Defendant's motion for compassionate release.

## II.    Indicative Ruling

When a district court lacks jurisdiction because of a pending appeal, Federal Rule of Criminal Procedure 37 allows the court to: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The advisory committee notes list "motions under 18 U.S.C. § 3582(c)" as one of three types of motions for which the drafters "anticipate[ ] that Criminal Rule 37 will be used primarily if not exclusively." Fed. R. Crim. P. 37 advisory committee's note (2012).

Per Rule 37, the Court offers the following indicative ruling and denies Defendant's motion.

There is some dispute about whether Defendant satisfied the exhaustion requirement for compassionate release.[1] Regardless, Defendant does not provide extraordinary or compelling reasons warranting a reduction of his sentence and the Court denies his motion on this basis.

---

[1] In his motion, Defendant argues that the Court has the authority to make an exception to the statute's administrative exhaustion requirement because of the "health dangers" posed by COVID-19. Def. Mo. 11–12. The Court has no such authority. *See United States v. Holden*, 452

Defendant's general concerns regarding the risks posed by COVID-19 to all prisoners do not warrant compassionate release.² *See Carson*, 2020 WL 3896297 at \*5 (finding generalized concerns about COVID-19 "do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence" and citing *United States v. Eberhart*, 2020 WL 1450745, \*2 (N.D. Cal. Mar. 25, 2020); *United States v. Fuentes*, 2020 WL 1937398, \*3 (E.D. Ca. Apr. 22, 2020); *United States v. Stanard*, 2020 WL 2219478, \*4 (W.D. Wa. May 7, 2020); *United States v. Espinal*, 2020 WL 2092484, \*3 (E.D. N.Y. May 1, 2020)). Additionally, the conditions at FCI Sheridan do not warrant special review. FCI Sheridan has not seen a significant COVID-19 outbreak. As of October 12, 2020, with a population of 1,475 inmates, the facility had no active cases and no deaths.³

Defendant is at no particular risk for severe illness from COVID-19. According to the Centers for Disease Control and Prevention (CDC), older adults and people with certain underlying medical conditions are more likely to become severely ill from COVID-19.⁴ At 29 years-old, Defendant is well-below the CDC's at-risk age group and has not identified any of the health conditions known to increase the likelihood of severe illness.

---

F. Supp. 3d 964, 971–978 (D. Or. 2020) (finding that the First Step Act has a mandatory "statutory exhaustion requirement"); *see also United States v. Simmons*, 2020 WL 1903281, at \*1 (D. Or. Apr. 17, 2020); *United States v. Route*, 2020 WL 2063679, at \* 2 (W.D. Wash. Apr. 29, 2020); *United States v. Carson*, 2020 WL 3896297, at \*3 (W.D. Wash. July 10, 2020) (finding the same).

² To the extentDefendant seeks to challenge the conditions of his confinement at FCI Sheridan under the Eighth Amendment, a motion for compassionate release is not the proper vehicle to do so.

³ *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 12, 2020).

⁴ *People at Increased Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html  (last updated Sept. 11, 2020).

Furthermore, considering the section 3553(a) factors, the Court finds that a reduction in Defendant's sentence is not appropriate. Defendant was convicted of multiple violent crimes and has 39-years left on his sentence. The Court commends Defendant for seeking mental health services and participating in programs. However, given the natures of his crimes, Defendant has not shown that he no longer poses a danger to the community.

Finally, the Court declines to consider Defendant's arguments concerning the fairness of his trial and sentence. "[I]n deciding motions for compassionate release, the Court should be wary of using the motion to "correct" the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020). "Compassionate release is not a tool to 'correct' a judgment." *United States v. Ballenger*, 2020 WL 3488157, at *5 (W.D. Wash. June 26, 2020) (citing *Ebbers*, 432 F. Supp. 3d at 430). Thus, Defendant's arguments are beyond the scope of this Court's review on a compassionate release motion.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [405] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:___November 13, 2020___.

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge