IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JASON PAUL SCHAEFER,

        Defendant.

No. 3:17-cr-00400-HZ
3:23-cv-00948-HZ

OPINION & ORDER

Natalie K. Wight
Sarah Barr
U.S. Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

    Attorneys for Plaintiff

Jason Paul Schaefer
USM #80560-065
USP COLEMAN II
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

    *Pro se*

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Jason Paul Schaefer moves for relief from his judgment under 28 U.S.C. § 2255. Def. Mot. to Vacate or Correct Sentence, ECF 451. He raises two grounds for relief. *Id.* at 4-5. For the following reasons, the Court denies the Motion.

## BACKGROUND

On October 24, 2017, Defendant was indicted for two counts of assault on a federal officer under 18 U.S.C. § 111 and one count of using an explosive to commit a federal felony under 18 U.S.C. § 844(h). ECF 10. The Third Superseding Indictment, on which Defendant was ultimately tried, charged him with the same three offenses, plus five additional counts related to explosives. ECF 208. Relevant here, Count 3 charged Defendant with carrying and using a destructive device during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(B)(ii). *Id.* at 2. The Government alleged that Defendant "did knowingly carry and use a destructive device, that is, an explosive bomb, during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, specifically assault on federal officers as alleged in Counts 1 and 2 of this Third Superseding Indictment." *Id.*

Defendant proceeded to trial beginning May 6, 2019. ECF 256. He represented himself at trial with standby counsel present. ECF 256, 258, 259, 261, 269, 272, 273. Defendant was convicted on all counts. Verdict Form, ECF 279. The Court later granted Defendant's motion to dismiss Count 8 of the Third Superseding Indictment, which charged Defendant with being a felon in possession of explosives. Op. & Ord., ECF 320. The Court entered judgment on Counts 1 through 7. ECF 342. Defendant was sentenced to 30 years in prison on Count 3, the § 924(c) charge. *Id.* at 3. The Ninth Circuit affirmed the judgment on September 16, 2021. Opinion, ECF 418. On October 8, 2021, the Ninth Circuit entered its mandate. ECF 419. Defendant did not file

a petition for a writ of certiorari. On June 27, 2022, Defendant moved for a 180-day extension of time to file a petition for relief under § 2255. ECF 430. The Court denied the motion for lack of jurisdiction on August 2, 2022. ECF 431. In its Order, the Court stated, "Defendant has until December 15, 2022, to file a timely § 2255 motion." *Id.* at 2. Defendant filed his § 2255 motion on June 26, 2023.

## STANDARDS

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the sentencing court to vacate, set aside, or correct the sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief, a defendant must demonstrate that an error of constitutional magnitude "had substantial and injurious effect or influence" on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, the defendant is entitled to a hearing in which the court determines the issues and makes findings of fact and conclusions of law, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "The standard for granting an evidentiary hearing [under § 2255] entails assuming the truth of [the defendant's] factual allegations." *United States v. Leonti*, 326 F.3d 1111, 1121 (9th Cir. 2003). When faced with conflicting sworn accounts from a defendant and his trial attorney, a district court must hold an evidentiary hearing if the defendant's version of the facts would

entitle him to relief. *United States v. Reyes-Bosque*, 624 F. App'x 529, 530 (9th Cir. 2015) (finding that district court erred in denying a hearing on the basis that the defendant's allegations were self-serving because § 2255(b) "imposes no requirement of independent corroboration, and a declaration is not inherently unbelievable merely because it is self-serving"). A district court may summarily dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). "Therefore, 'a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims,' and failure to grant one in such a circumstance is an abuse of discretion." *Reyes-Bosque*, 624 F. App'x at 530 (quoting *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)).

## DISCUSSION

Defendant argues that the predicate offense for his § 924(c) conviction was inadequate and that his counsel was ineffective for failing to challenge a discrepancy between his conviction and the judgment. Def. Mot. 4-5. Both grounds for relief rely on Defendant's argument that his sentence is invalid because he was convicted of attempted assault on a federal officer rather than the substantive offense of assault. Def. Mem. 6-13, ECF 452. The record shows that he was convicted of assault. Because the record affirmatively shows that Defendant is entitled to no relief, no hearing is required. The Court also denies a certificate of appealability.

**I.    Ground 1**

In his first ground, Defendant asserts that his sentence is invalid because "[a]ttempted assault on a federal officer is an invalid predicate offense for my conviction under 18 U.S.C. §

924(c), under the Supreme Court's recent decision in US v. Taylor, 142 S. Ct. 2015 (2022)."
Def. Mot. 4. *Taylor* was published on June 21, 2022. Defendant certifies that he handed his motion to prison officials for filing on June 21, 2023. *Id.* at 12. The Government does not challenge the timeliness of Defendant's claim, instead focusing on the merits. Gov. Resp. 5, ECF 455.

*Taylor* addressed whether attempted robbery under the Hobbs Act qualified as a crime of violence under 18 U.S.C. § 924(c)(3)(A). 142 S. Ct. at 2018. A crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). The court may not inquire into how a particular defendant committed the crime; "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020. The *Taylor* Court held that attempted Hobbs Act robbery did not qualify as a crime of violence because the Government only needed to prove that "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id.* To show that the defendant took a substantial step, the Government did not need "to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.*

Defendant argues that he was charged with and convicted of attempted assault, which is not a crime of violence. He points to the use of the phrase "willfully attempting to inflict injury" in the Indictment. Def. Mem. 10. He states that the jury instructions permitted the jury to convict him of assault based on a willful attempt to inflict injury. *Id.* at 10-11. And he points to the Court's response to a note from the jury in which the Court instructed the jury that a willful

5 – OPINION & ORDER

attempt to inflict injury was a forcible assault. *Id.* at 11. Thus, he argues, he was convicted of attempted assault. *Id.* at 12-13.

Defendant's claim fails because he was charged with and convicted of assault on a federal officer, not attempted assault, and his offense of conviction satisfies the test laid out in *Taylor*. The Third Superseding Indictment charged Defendant with assault on a federal officer under 18 U.S.C. § 111. ECF 208. The statute provides for criminal punishment for one who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties[.]" 18 U.S.C. § 111(a)(1). It also provides an enhanced penalty for "[w]hoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury[.]" *Id.* § 111(b).

The Court instructed the jury on the elements of assault on a federal officer. ECF 282 at 21-25. For Count 1, there were three possible theories of conviction. *Id.* at 21-23. Under the first theory, the jury was instructed that it had to find beyond a reasonable doubt that "the defendant forcibly assaulted Jeremy Chedester[.]" *Id.* at 21. The instructions explained, "There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." *Id.* This theory is consistent with the requirements of § 924(c)(3)(A). The second and third theories also contained this required element, with the same definition of forcible assault. *Id.* at 22-23. Count 2 also included the required element of a forcible assault, with the same definition. *Id.* at 24. Thus, both

of the assault charges required the Government to prove that Defendant used, attempted to use, or threatened to use force.

As the Government points out, Defendant's argument arises out of a misunderstanding of the substantive offense of assault. Gov. Resp. 8-9. A defendant can complete the substantive crime of assault without using force. *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1290 (9th Cir. 2017) (assault may be completed through a threat to use force). An attempt, in contrast, requires proof of intent to commit the substantive crime and a substantial step toward committing that crime. *United States v. McCarron*, 30 F.4th 1157, 1162 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 388 (2022). The definition of a crime of violence does not require proof that the defendant actually used force—attempted use of force or a threat to use force is enough. 18 U.S.C. § 924(c)(3)(A). Defendant was convicted of assault on a federal officer, an offense that requires proof that the defendant used, attempted to use, or threatened to use force. Assault on a federal officer is crime of violence under § 924(c)(3)(A). Defendant's § 924(c) conviction is valid, and it carries a mandatory minimum sentence of 30 years. 18 U.S.C. § 924(c)(1)(B)(ii). Defendant was sentenced to 30 years on Count 3, the § 924(c) count. There is no basis to modify this sentence. In sum, Defendant's first ground for relief has no basis in law.

## II.     Ground 2

Defendant's second ground for relief alleges that "[c]ounsel was constitutionally ineffective for failing to challenge that the judgment entered did not match the actual convictions by the jury." Def. Mot. 5. The Government argues that this ground is untimely and that it also fails on the merits. Gov. Resp. 6-10. Defendant argues that equitable tolling applies to his ineffective assistance claim. Def. Mem. 2; Def. Reply 4-7, ECF 462. The Court need not resolve

the timeliness issue because Defendant's second ground fails on the merits for the same reasons as his first ground.[1]

To show that he or she has received constitutionally deficient assistance of counsel, a defendant must prove (1) that counsel's assistance was deficient, and (2) that the deficient performance prejudiced the defense. *Premo v. Moore*, 562 U.S. 115, 121 (2011). Defendant argues that although he was charged with, tried for, and convicted of attempted assault, counsel was ineffective for failing to bring up "the discrepancy in the documents and instructions leading up to the conviction and the judgment of conviction." Def. Mem. 13-14. Defendant relies on his erroneous assertion that he was convicted of attempted assault rather than assault. Defendant was charged with, tried for, and convicted of assault. He was sentenced for assault. Because there was no discrepancy between the jury's verdict and the judgment entered, counsel was not ineffective in failing to mention a discrepancy. Defendant has not shown deficient performance or prejudice. His second ground for relief has no basis in law.

Finally, although Defendant was represented at sentencing, he chose to represent himself at trial. To the extent that he seeks to challenge the assistance of standby counsel, he cannot do so. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"); *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (holding that a criminal defendant has no constitutional right to "hybrid" representation in the form of self-representation with access to advisory or consultative counsel); *Cook v. Ryan*, 688 F.3d 598, 609 (9th Cir.

---

[1] The Ninth Circuit has indicated that district courts are not deprived of jurisdiction over a § 2255 petition on the sole basis that it is untimely. *United States v. Hill*, 915 F.3d 669, 673 n.1 (9th Cir. 2019). Thus, the Court may properly address the merits without resolving timeliness.

8 – OPINION & ORDER

2012) (holding that defendant's decision to represent himself at trial precluded a claim for ineffective assistance against pretrial counsel).

In sum, both of Defendant's grounds for relief fail as a matter of law. No hearing is required because the record conclusively shows that Defendant is entitled to no relief. And Defendant is not entitled to a certificate of appealability because he has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Defendant's Motion to Vacate or Correct Sentence [451] is DENIED.

IT IS SO ORDERED.

DATED: December 4, 2023.

  
_____  
MARCO A. HERNÁNDEZ  
United States District Judge